## HUBBERD v. BENAVIDES INDEPEND-ENT SCHOOL DIST.
### No. 8981.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 1, 1933.

John K. Weber and C. O. Wolfe, both of San Antonio, for appellant.

J. F. Clarkson, of San Diego, for appellee.

FLY, Chief Justice.

This is a suit for taxes and to foreclose a tax lien on certain tracts of land lying and being situated in Duval county. Appellee is a political division of the same county, and appellant lives in Bexar county. She pleaded her privilege to be sued in the latter county, which was overruled, and this appeal was perfected from the judgment denying the plea of privilege.

Appellee was permitted to introduce a petition, a plea of privilege, and controverting affidavit. None of the documents appear in the statement of facts, but it is stated therein that they had been omitted on the order of one of the counsel for appellant. The allegations of the petition were not proper, of course, to prove venue in the county.

The controverting affidavit is as follows:

"Now comes the Benavides Independent School District, plaintiff in the above entitled and numbered cause, and controverts the plea of privilege of the said Mary C. Hubberd, defendant herein and says that he has good reason to believe, and does believe, and so alleges, that defendant's said plea is incorrect, and that this court has venue of this cause and of the person of this defendant on the following grounds and reasons, to-wit:

"That this is a suit for the foreclosure of a tax lien and it may be brought in the Coun-ty of Duval, where the property or any part thereof subject to such lien is situated and such property is situated in the County of Duval and State of Texas."

There is no statement in the affidavit that any taxes are due by appellant on land in Duval county, no attempt to describe the land, nor to show any facts giving cause of action in Duval county. Article 2007, R. S., requires that a controverting affidavit set out "specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending." It is too clear for discussion that the affidavit in question does not comply with the statute. The petition cannot be invoked to aid the affidavit because no attempt was made to make any portion of it a part of the affidavit. There is no reference to the petition. The affidavit is obviously inadequate and invalid.

The court upheld the controverting affidavit as against exceptions, and consequently caused the pleader to feel secure in the allegations of the affidavit and not to seek to file an amended affidavit. Under these circumstances, it being so apparent that the court had jurisdiction over appellant, it seems a great injustice to deprive the school district of a chance to amend the controverting affidavit so as to conform strictly to the statute. Therefore judgment will not be rendered here changing the venue, but the judgment will be reversed and the cause remanded.

Reversed and remanded.